89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rogers KIMBROUGH, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-6072.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; DUGGAN, District Judge.*
 
 ORDER
 
 2
 Rogers Kimbrough, a pro se Tennessee resident, appeals a district court judgment affirming the Commissioner's denial of his application for supplemental security income benefits and dismissing his case for want of prosecution. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kimbrough filed an application for supplemental security income benefits alleging that he suffered from back pain due to an injury he suffered at work. Following a hearing, an administrative law judge (ALJ) determined that Kimbrough was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Kimbrough then filed a complaint seeking review of the Commissioner's decision. The district court dismissed the complaint for want of prosecution. However, in its decision, the district court stated that the decision of the Commissioner was supported by substantial evidence. Given Kimbrough's pro se status, the court will examine the medical evidence in the record and address the issues raised in Kimbrough's brief on appeal.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Kimbrough attacks the medical findings of a consultative physician. However, the consultative physician's opinion is consistent with the objective medical evidence in the record.
 
 
 6
 Kimbrough challenges the ALJ's credibility determination. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). The ALJ found that Kimbrough's testimony was not credible because of Kimbrough's daily activities and the lack of objective medical evidence to support his testimony.
 
 
 7
 Kimbrough states that the Commissioner did not list positions which he could perform. In satisfying the Commissioner's burden, the ALJ relied on the medical-vocational guidelines. The guidelines can be used to meet the Commissioner's burden. See Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation